UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON

| | | |
|---|---|---|
| In re: | ) | Case No. 10-61078 |
| BUCYRUS COMMUNITY HOSPITAL, INC., | ) | Chapter 11 |
| an Ohio non-profit corporation, | ) | Judge Russ Kendig |
| Debtor. | ) | |
| (Federal Tax I.D. No. 34-4468311) | ) | |
| In re: | ) | Case No. 10-61081 |
| BUCYRUS COMMUNITY PHYSICIANS, INC., | ) | Chapter 11 |
| an Ohio corporation, | ) | Judge Russ Kendig |
| Debtor. | ) | |
| (Federal Tax I.D. No. 20-0232621) | ) | |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO
11 U.S.C. § 342 AND FED. R. BANKR. P. 1005, 1015(B) AND 2002
(I) DIRECTING JOINT ADMINISTRATION OF CASES AND
(II) APPROVING CAPTION FOR JOINTLY ADMINISTERED CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for entry of an order, pursuant to section 342 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rules 1005, 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (ii) approving a caption for the jointly administered cases.

In support of this Motion, the Debtors respectfully represent as follows:

## Background

1. On March 19, 2010 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of Debtors' chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Detailed facts regarding the Debtors' and reasons for the commencement of these chapter 11 cases are set forth in the Affidavit and Statement of Glen A. McMurray, DDS in Support of Chapter 11 Petitions and First Day Motions, filed concurrently herewith.

## Relief Requested

4. Bankruptcy Rule 1015(b) provides in pertinent part that, "If…two or more petitions are pending in the same court by or against…a debtor and an affiliate, the court may order a joint administration of the estates." Section 101(2)(A) of the Bankruptcy Code provides that an "affiliate" is an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor …."

5. The Debtors are each corporate entities and are affiliated through common ownership. Specifically, Bucyrus Community Hospital, Inc. owns 100% of the voting equity interests of Bucyrus Community Physicians, Inc. Thus, the Debtors are "affiliates"

within the meaning of section 101(2) of the Bankruptcy Code and joint administration of their estates are appropriate under Bankruptcy Rule 1015(b). Accordingly, the Debtors request that their chapter 11 cases be jointly administered for procedural purposes only.

6. The joint administration of the Debtors' cases will have a number of beneficial effects. Joint administration will permit the Clerk of this Court to utilize a single general docket for these cases, which will assist both the Court and all parties in interest to more easily track substantive matters related to these cases. The Debtors anticipate that numerous notices in these cases will affect each of the Debtors and their estates. Joint administration will allow the Debtors and the Court, as appropriate, to combine those notices, thus significantly reducing the noticing burden in these cases. Joint administration will also in many instances significantly reduce the volume of paperwork and make administrative tasks of the Court and parties in interest less burdensome, costly, and time-consuming.

7. Because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases.

8. Section 342 of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 provide that each notice served on interested parties in these cases should include, in the caption, the applicable debtor's name, address, employer identification number, any other federal taxpayer-identification number, and all other names used within eight years before filing the petition. 11 U.S.C. § 342; Fed. R. Bankr. P. 1005, 2002(n). The failure to include such information in such notice, however, does not invalidate the notices. <u>See</u>

11 U.S.C. § 342(c). Moreover, Bankruptcy Rule 2002 provides that the Court may establish the form of notices served in these bankruptcy cases. <u>See</u> Fed. R. Bankr. P. 2002(m). Accordingly, to further streamline the administration of these chapter 11 cases, and to provide for consistent noticing procedures after joint administration, the Debtors request approval of a single caption for the jointly administered cases.

9. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION, CANTON**

| | |
|---|---|
| In re: ) | |
| ) | Case Nos. 10-61078 and 10-61081 |
| BUCYRUS COMMUNITY HOSPITAL, INC., ) | (Jointly Administered under |
| et. al.,[1] ) | Case No. 10-61078) |
| ) | |
| Debtors. ) | Chapter 11 |
| ) | |
| ) | Judge Russ Kendig |

---
[1] The Debtors include: Bucyrus Community Hospital, Inc. (Employer Tax I.D. No. 34-4468311) and Bucyrus Community Physicians, Inc. (Employer Tax I.D. No. 20-0232621).

10. The Debtors submit that use of this simplified caption, naming Bucyrus Community Hospital, Inc., as the first of the Debtors, and omitting reference to each Debtor's respective state of incorporation, addresses, and tax identification numbers will eliminate cumbersome and confusing procedures, and ensure a uniformity of pleading identification. Such information is included in the petitions for each respective Debtor, and such petitions are publicly available to parties-in-interest or will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the

requirements of section 342 of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 have been satisfied.

11. In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for Bucyrus Community Physicians, Inc. (10-61081) to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of this chapter 11 case with that of Bucyrus Community Hospital, Inc. The docket in case no. 10-61078 should be consulted for all matters affecting this case.

12. The relief requested herein has been granted by this district in the past. See, e.g., In re Republic Engineered Products Holdings LLC, Case No. 01-51117 (MSS) (Bankr. N.D. Ohio October 8, 2003); In re Republic Technologies International, LLC, Case No. 03-55118 (MSS) (Bankr. N.D. Ohio April 3, 2001); In re WCI Steel, Inc., Case No. 03-44662 (KW) (Bankr. N.D. Ohio September 17, 2003); In re Sunterra, Case No. 00-56931 (JFS) (Bankr. W.D. Pa. December 4, 2001).

13. In light of the foregoing, the Debtors further request that a docket entry reflecting the joint administration, in the same or substantially the same form as that contained in the proposed order accompanying this Motion, be made in each of the Debtors' cases.

14. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis.

15. For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Debtors' chapter 11 cases, pursuant to Bankruptcy Rule 1015(b).

### Waiver of Requirement To File Memorandum of Law

16. Because this Motion presents no novel issues of law and the authorities relied upon are stated herein, the Debtors respectfully request that this Court waive the requirement contained in Local Bankruptcy Rule 9013-1(a) that the Debtors file a separate memorandum of law in support of this Motion.

### Notice

17. No trustee, examiner or official committee has been appointed in these chapter 11 cases. Notice of this Motion has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Ohio; (ii) those creditors listed on each Debtor's List of Creditors Holding 20 Largest Unsecured Claims; (iii) United Bank, Division of the Park National Bank; (iv) Lancaster Pollard Mortgage Company; (v) the Secretary of Housing and Urban Development; (vi) First Federal Community Bank; and (vii) the District Director of Internal Revenue. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

### No Prior Request

18. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u>: (i) approving joint administration of these chapter 11 cases for procedural purposes only; (ii) approving the caption for jointly administered cases; and (iii) granting such other and further relief as is just and proper.

March 19, 2010

Respectfully submitted,

/s/ Shawn M. Riley
Shawn M. Riley (0037235)
Paul W. Linehan (0070116)
McDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114-2653
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail: sriley@mcdonaldhopkins.com
　　　　plinehan@mcdonaldhopkins.com

PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION