**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.**





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION, CANTON

| | |
|---|---|
| In re: ) | |
| ) | Case Nos. 10-61078 and 10-61081 |
| BUCYRUS COMMUNITY HOSPITAL, INC., ) | (Jointly Administered under |
| et. al.,[1] ) | Case No. 10-61078) |
| ) | |
| Debtors. ) | Chapter 11 |
| ) | |
| ) | Judge Russ Kendig |

### ORDER UPON DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 361 AND 364(D): (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING AND ENTER INTO RELATED LOAN DOCUMENTS; (II) GRANTING CERTAIN SECURITY INTERESTS; AND (III) GRANTING ADEQUATE PROTECTION

This matter having come before the Court upon the Debtors' Motion for an Order

Pursuant to Sections 361 and 364(d): (I) Authorizing the Debtors to Obtain Postpetition

Financing and Enter into Related Loan Documents; (II) Granting Certain Security Interests; and

(III) Granting Adequate Protection, Docket No. 166 (the "Motion"), filed by the above-captioned

---

[1] The Debtors include: Bucyrus Community Hospital, Inc. (Employer Tax I.D. No. 34-4468311) and Bucyrus Community Physicians, Inc. (Employer Tax I.D. No. 20-0232621).

{2160893:4}

debtors and debtors in possession (collectively, the "Debtors"), the Objection of Lancaster Pollard Mortgage Company to the Motion (Docket No. 219) (the "Objection") and the Statement and Reservation of Rights of the Official Committee of Unsecured Creditors in Connection with the Motion (Docket No. 220) (the "Statement"). The Court having reviewed the Motion, the Objection and the Statement; and after due deliberation and sufficient cause appearing therefore:

**THE COURT FINDS AND CONCLUDES THAT:**

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157.

B.      Notice of the Motion was sufficient under the circumstances.

C.      Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors have retained possession of their assets and are authorized to continue the operations and management of their businesses as debtors in possession.

D.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

E.      The Debtors' need for debtor-in-possession financing is established.

F.      The Debtors have been unable to obtain financing on more favorable terms from sources other than SHF[2] pursuant to, and for the purposes set forth in Exhibit B to the Motion, and are further unable to obtain adequate unsecured credit under section 503(b)(1) of the Bankruptcy Code.

G.      The DIP Facility has been subject to arm's length negotiations, conducted in good faith, between the Debtors and SHF.

---

[2] Capitalized terms used, but not otherwise defined herein, shall have the meanings given to them in the Motion. The term "Prepetition Secured Lenders" is used in the Motion and this Order for convenience purposes only. Use of this term shall not be considered as determinative of the secured status of such party to whom it refers.

10-61078-rk    Doc 230    FILED 06/18/10    ENTERED 06/18/10 14:50:57    Page 2 of 6

H.     The Debtors have proposed to provide adequate protection to the Prepetition Secured Lenders for any diminution in value due to the granting of the SHF Interest (as defined below).

I.     Good and sufficient cause has been shown for the entry of this Order. Among other things, entry of this Order is in the best interests of the Debtors, their estates, their patients, and their creditors because it will enable the Debtors to: (i) continue the orderly operation of their businesses and avoid a potential shutdown of their businesses during June and July; (ii) meet their obligations for payroll, necessary ordinary course expenditures and other working capital expenses; (iii) preserve the value of the estates for the benefit of the Debtors, their estates, and their creditors; (iv) provide the Debtors' with the necessary liquidity to sustain the operation of the Debtors' businesses and enhance the Debtors prospects for successful reorganization; and (v) preserve the Debtors as an ongoing concern, for the benefit of the Debtors' patients and the Debtors' community.

**IT IS HEREBY ORDERED THAT:**

1.     The Motion shall be and hereby is, Granted, as modified herein.

2.     The Objection and Statement are overruled without prejudice, to the extent not otherwise addressed herein.

3.     The Debtors are hereby authorized to enter into the DIP Facility on substantially the terms and conditions described in Exhibit B, attached to the Motion (the "Term Sheet"), subject to the following modifications:

> *a.*     The Annual Fee referenced in the section headed "Fees" on page two of the Term Sheet shall only be earned and payable upon the one year anniversary of the closing, and only if the DIP Facility is still outstanding

10-61078-rk     Doc 230     FILED 06/18/10     ENTERED 06/18/10 14:50:57     Page 3 of 6

on said date, and shall not be subject to proration or any other partial or early payment term; and

b. The termination fee referenced in the section headed "Term" on page one of the Term Sheet shall be as follows: two percent (2%) of the DIP Facility if terminated during the first or second year of the term; and one percent (1%) of the DIP Facility if terminated after the second year of the term.

4. In furtherance of the foregoing and without further approval of this Court, each Debtor is authorized to perform all acts and to execute and deliver all instruments and documents that the Debtors or SHF determines to be reasonably required or necessary to evidence the Debtors' obligations under the DIP Loan Documents and performance thereof, including, without limitation, execution and delivery of the DIP Loan Documents.

5. The obligations to SHF incurred by the Debtors, in accordance with the terms of this Order and in accordance with the Term Sheet (as modified by this Order), shall constitute a valid and binding obligation of the Debtors, enforceable against the Debtors in accordance with the terms of this Order.

6. As security for the DIP Facility, a valid, binding, continuing, enforceable and fully perfected first priority lien and security interest in the accounts receivable of Bucyrus Community Hospital, Inc. now owned or hereafter acquired (the "Accounts Receivable") is granted to SHF (the "SHF Interest").

7. The SHF Interest shall have priority over any and all liens and security interests previously taken or alleged in the Accounts Receivable.

8. As adequate protection on behalf of United and Lancaster Pollard, the Debtors will place the first $524,000 borrowed under the DIP Facility in an escrow account (the

"Escrow"). The funds in the Escrow will be paid to United or Lancaster Pollard, respectively, if and when this Court determines that United or Lancaster Pollard has, as of the Petition Date, a first lien on the Accounts Receivable. In the event this Court determines that neither United nor Lancaster Pollard had, as of the Petition Date, a valid first lien on the Accounts Receivable, then the funds in Escrow will be returned to the Debtors.

9.      Notwithstanding anything in this Order to the contrary, neither Lancaster Pollard, HUD nor the Official Committee of Unsecured Creditors (the "Committee") shall be deemed to have waived, released or otherwise abandoned any right or remedy either Lancaster Pollard, HUD or the Committee may have vis a vis United, the Escrow, or any funds delivered to United in accordance with the Cash Collateral Order.

10.     The Debtors will provide adequate protection to Lancaster Pollard by paying to Lancaster Pollard, or its assignee, $100,000 per month commencing on the first month following the last adequate protection payment made pursuant to the prior order authorizing the use of cash collateral.

11.     In addition, and as further adequate protection to United and Lancaster Pollard, the Debtors will provide those reports identified in the Cash Collateral Order. Any reports provided to SHF, United or Lancaster Pollard hereunder shall concurrently be provided to the Committee.

12.     The Debtors shall use the DIP Financing solely as provided in this Order and in accordance with the DIP Loan Documents.

13.     SHF is hereby authorized, but not required, to file or record financing statements or any other documentation in order to validate the DIP liens granted to them hereunder.

14.     Notwithstanding anything in this Order to the contrary, the Cash Collateral Order (Docket No. 123) is not impacted by this Order and shall remain in full force and effect.

10-61078-rk    Doc 230    FILED 06/18/10    ENTERED 06/18/10 14:50:57    Page 5 of 6

15.     In the event of any inconsistency between the provisions of this Order and the DIP Loan Documents, the provisions of this Order shall govern.

16.     This Court has and will retain jurisdiction to enforce this Order according to its terms.

# # #

Submitted by:

s/ Paul W. Linehan
Shawn M. Riley (OH0037235)
Paul W. Linehan (OH0070116)
Melissa Asbrock (OH0082413)
McDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114-2653
Telephone:  (216) 348-5400
Facsimile:  (216) 348-5474
E-mail:  sriley@mcdonaldhopkins.com
        plinehan@mcdonaldhopkins.com
        masbrock@mcdonaldhopkins.com

COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION