The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION, CANTON

| | |
|---|---|
| In re: ) | |
| ) | Case Nos. 10-61078 and 10-61081 |
| BUCYRUS COMMUNITY HOSPITAL, INC., ) | (Jointly Administered under |
| et. al.,[1] ) | Case No. 10-61078) |
| ) | |
| Debtors. ) | Chapter 11 |
| ) | |
| ) | Judge Russ Kendig |

### ORDER APPROVING DEBTORS' MOTION ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND NOTICE THEREOF

This matter came to be considered on the Debtors' Motion for an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Notice Thereof, Docket No. 302 (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157; (b) notice of the Motion was

---

[1] The Debtors include: Bucyrus Community Hospital, Inc. (Employer Tax I.D. No. 34-4468311) and Bucyrus Community Physicians, Inc. (Employer Tax I.D. No. 20-0232621).

{2338044:}

sufficient; (c) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and (d) establishment of the General Bar Date,[2] the Amended Schedule Bar Date, Rejection Damages Bar Date, and the Governmental Unit Bar Date is appropriate, and the notice, service, and publication of the Bar Date Notice provides sufficient notice to interested claimants of the deadlines for filing proofs of Claim in the above-captioned chapter 11 cases.

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED in its entirety.

2. October 12, 2010, shall be, and hereby is, the General Bar Date by which the Debtors' creditors may file their proofs of Claim, and for Governmental Units as defined by section 101(27) of the Bankruptcy Code to file proofs of Claim.

3. The General Bar Date shall apply to each and every prepetition secured, priority unsecured, or nonpriority unsecured Claim asserted by a creditor of the Debtors, whether or not the Debtors previously obtained authorization to pay any such Claim, except for:

   (a) Claims listed in the Debtors' Schedules filed with this Court, pursuant to Bankruptcy Rule 1007, or any amendments thereto, which are not therein listed as "contingent," "unliquidated" or "disputed," and which are not disputed by holder of such Claim as to nature, amount or classification;

   (b) Claims on account of which a proof of Claim has already been properly filed with this Court;

   (c) Claims previously allowed by, or paid pursuant to, an order of this Court; and

   (d) Claims allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as administrative expenses of the Debtors' chapter 11 cases.

4. For any person or entity who is served with notice that the Debtors have amended their Schedules to reduce, delete, or change their listing of the Claim of such claimant after the entry of this Order establishing the General Bar Date, such person or entity shall be, and hereby

---

[2] Capitalized terms not otherwise defined herein shall have the definitions given them in the Motion.

{2338044:}

2

is, required to file its proof of Claim on or before the later of: (a) the General Bar Date and (b) 30 days from the date on which such notice has been given to such claimant.

5. For any person or entity whose claim arises out of the rejection of an executory contract or unexpired lease after the entry of this Order establishing the General Bar Date, such person or entity shall be, and hereby is, required to file its proof of Claim on or before the later of: (a) the General Bar Date and (b) 30 days from the date of the order authorizing the rejection of such contract or lease.

6. The Debtors shall retain the right to dispute, or to assert offsets or defenses against, any Claim listed or reflected on the Schedules as to amount, liability, classification or otherwise, to subsequently designate any claim as disputed, contingent, or unliquidated, or to object to any Claim listed or reflected on the Schedules; provided, however, that the Debtors amend the Schedules.

7. Any person or entity other than a creditor asserting a claim falling within the exceptions set forth in paragraph 3 of this Order, whose Claim: (a) is not scheduled; (b) is scheduled in an incorrect amount; or (c) is scheduled as disputed, contingent, or unliquidated, shall be required to file a proof of Claim on or before the General Bar Date, and any creditor that fails to do so shall be forever barred, estopped, and enjoined from asserting any Claim that such person or entity has against the Debtors.

8. The Bar Date Notice and Claim Forms shall be served by McDonald Hopkins LLC, counsel for the Debtors, by first class mail, no later than September 9, 2010, to: (i) the United States trustee; (ii) all parties that have previously filed notices of appearance in these cases; and (iii) all persons or entities whose names and addresses are known to the Debtors, and who hold a Claim of any kind in the Debtors including, but not limited to, persons or entities

listed on the Schedules. Additionally, the Debtors are authorized to publish, on or prior to September 9, 2010, a copy of the Bar Date Notice in such newspapers or trade publications (if any) as the Debtors may determine.

# # #

Prepared by:

/s/ Shawn M. Riley
Shawn M. Riley (0037235)
Paul W. Linehan (0070116)
Melissa S. Asbrock (0082413)
McDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114-2653
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail: sriley@mcdonaldhopkins.com
　　　　 plinehan@mcdonaldhopkins.com
　　　　 masbrock@mcdonaldhopkins.com

COUNSEL FOR THE DEBTORS AND
DEBTORS IN POSSESSION