## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION, CANTON

In re: )
) Case Nos. 10-61078 and 10-61081
BUCYRUS COMMUNITY HOSPITAL, INC. ) (Jointly Administered under
et. al.,[1] ) Case No. 10-61078)
)
   Debtors. ) Chapter 11
)
) Judge Russ Kendig

## DEBTORS' CHAPTER 11 PLAN OF LIQUIDATION

June 27, 2011


McDONALD HOPKINS LLC

Shawn M. Riley (0037235)
Paul W. Linehan (0070116)
Melissa S. Giberson (0082413)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Telephone: (216) 348-5400
E-mail: sriley@mcdonaldhopkins.com
   plinehan@mcdonaldhopkins.com
   mgiberson@mcdonaldhopkins.com

Counsel for the Debtors and Debtors In Possession

---

[1] The Debtors include: Bucyrus Community Hospital, Inc. (Employer Tax I.D. No. 34-4468311) and Bucyrus Community Physicians, Inc. (Employer Tax I.D. No. 20-0232621).

{2537141:2}

**TABLE OF CONTENTS**

ARTICLE I DEFINED TERMS, RULES OF INTERPRETATION AND COMPUTATION OF TIME ........................................................................................................... 1

   1.1     Defined Terms ............................................................................................. 1

   1.2     Rules of Interpretation and Computation of Time ........................................ 1

         1.2.1   Rules of Interpretation .................................................................. 1
         1.2.2   Computation of Time .................................................................... 1

ARTICLE II CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ..................... 2

   2.1     Unclassified Claims ..................................................................................... 2

         2.1.1   Payment of Administrative Claims ................................................ 2
         2.1.2   Payment of Priority Tax Claims .................................................... 3

   2.2     Classified Claims ......................................................................................... 3

         2.2.1   Other Priority Claims (Class 1 Claims) – Unimpaired ..................... 3
         2.2.2   Other Secured Claims (Class 2 Claims) – Unimpaired .................... 3
         2.2.3   Declaration Action Claims (Class 3 Claims) – Unimpaired. ............ 3
         2.2.4   HUD Secured Claims (Class 4 Claims) – Impaired. ....................... 3
         2.2.5   General Unsecured Claims (Class 5 Claims) – Impaired. ................ 4
         2.2.6   HUD Unsecured Claims (Class 6 Claims) -- Impaired ..................... 4
         2.2.7   Intercompany Claims (Class 7 Claims) – Impaired. ........................ 4
         2.2.8   Interests (Class 8 Interests) – Impaired. ........................................ 4

   2.3     Special Provisions Relating to the Rights of Setoff of Creditors ..................... 4

ARTICLE III MEANS FOR IMPLEMENTATION OF THE PLAN ........................................ 4

   3.1     Confirmation Exhibits .................................................................................. 4

   3.2     Winddown of Debtors .................................................................................. 4

   3.3     Plan Administrator ....................................................................................... 4

         3.3.1   Appointment of the Plan Administrator ......................................... 4
         3.3.2   Duties of the Plan Administrator .................................................... 4
         3.3.3   Compensation; No Bond ............................................................... 5
         3.3.4   No Fiduciary or Agency Relationship ............................................ 5

   3.4     Special Provisions ........................................................................................ 5

         3.4.1   Limitations on Amounts to Be Distributed to Holders of Allowed Insured Claims ............................................................................... 5
         3.4.2   Liquidation of Tort Claims ............................................................ 6
         3.4.3   Preservation of Causes of Action, Avoidance Actions ..................... 6
         3.4.4   Effectuating Documents; Further Transactions; Exemption from Certain Transfer Taxes ................................................................... 6
         3.4.5   Comprehensive Settlement of Claims and Controversies ................. 6

ARTICLE IV EXECUTORY CONTRACTS AND UNEXPIRED LEASES ................................... 6

   4.1     Assumption and Assignment ....................................................................... 6

   4.2     Cure of Defaults .......................................................................................... 7

   4.3     Bar Date for Rejection Damage Claims ........................................................ 7

   4.4     Approval of Rejection .................................................................................. 7

10-61078-rk    Doc 591    FILED 06/27/11    ENTERED 06/27/11 18:56:27    Page 2 of 23

ARTICLE V PROVISIONS GOVERNING DISTRIBUTIONS ................................................................. 7

5.1    Distributions for Claims Allowed as of the Effective Date ........................................... 7

5.2    Method of Distributions to Holders of Claims ............................................................. 7

5.3    Delivery of Distributions and Undeliverable or Unclaimed Distributions .................... 7

        5.3.1    Delivery of Distributions ................................................................................ 7
        5.3.2    Undeliverable Distributions Held by the Plan Administrator .......................... 8

5.4    Timing and Calculation of Amounts to be Distributed ................................................. 8

        5.4.1    Distributions on Account of Allowed Claims in Class 1 and Class 2 .............. 8
        5.4.2    Distributions on Account of Allowed Claims in Class 3 ................................. 8
        5.4.3    Distributions on Account of Allowed Claims in Class 4 ................................. 8
        5.4.4    Distributions on Account of Allowed Claims in Class 5 ................................. 8
        5.4.5    Distributions on Account of Allowed Claims in Class 6 ................................. 9

5.5    Other Provisions Applicable to Distributions in All Classes ........................................ 9

        5.5.1    Postpetition Interest ........................................................................................ 9
        5.5.2    Allocation of Distributions .............................................................................. 9
        5.5.3    Holders of Record ........................................................................................... 9

5.6    Means of Cash Payments .............................................................................................. 9

5.7    Withholding Requirements ........................................................................................... 9

        5.7.1    Withholding ..................................................................................................... 9
        5.7.2    Distributions ................................................................................................. 10
        5.7.3    Allocations ................................................................................................... 10

5.8    Setoffs ........................................................................................................................ 10

ARTICLE VI PROCEDURES FOR RESOLVING DISPUTED CLAIMS ........................................... 10

6.1    Treatment of Disputed Claims ................................................................................... 10

        6.1.1    Tort Claims ................................................................................................... 10
        6.1.2    Disputed Insured Claims ............................................................................... 10
        6.1.3    No Distributions Pending Allowance ............................................................ 10

6.2    Prosecution of Objections to Claims .......................................................................... 10

        6.2.1    Objections to Claims ..................................................................................... 10
        6.2.2    Authority to Prosecute Objections ................................................................ 11
        6.2.3    Authority to Amend Schedules ..................................................................... 11
        6.2.4    Request for Extension of Claims Objection Bar Date .................................... 11

6.3    Distributions on Account of Disputed Claims Once Allowed ..................................... 11

ARTICLE VII CONSOLIDATION OF CERTAIN DEBTORS ............................................................ 11

7.1    Limited Consolidation for Certain Purposes ............................................................. 11

7.2    Order Granting Consolidation for Certain Purposes ................................................... 12

ARTICLE VIII CONFIRMATION OF THE PLAN .............................................................................. 12

8.1    Conditions Precedent to Confirmation ....................................................................... 12

8.2    Conditions Precedent to the Effective Date ............................................................... 12

8.3    Waiver of Conditions to Confirmation or Effective Date .......................................... 13

8.4    Cramdown .................................................................................................................. 13

8.5    Effect of Nonoccurrence of Conditions to the Effective Date ................................... 13

10-61078-rk    Doc 591    FILED 06/27/11    ENTERED 06/27/11 18:56:27    Page 3 of 23

**8.6** Effect of Confirmation of the Plan ............................................................... 13

    **8.6.1** Discharge of Claims and Termination of Interests............................. 13

    **8.6.2** Releases................................................................................................ 13

    **8.6.3** Injunction ............................................................................................ 14

    **8.6.4** Exculpation .......................................................................................... 14

**8.7** Request for Waiver of Stay of Confirmation Order ...................................... 14

ARTICLE IX RETENTION OF JURISDICTION ............................................................... 14

ARTICLE X MISCELLANEOUS PROVISIONS ............................................................... 16

    **10.1** Modification of the Plan.............................................................................. 16

    **10.2** Revocation of the Plan ................................................................................ 16

    **10.3** Severability of Plan Provisions ................................................................... 16

    **10.4** Dissolution of Creditors' Committee ........................................................... 16

    **10.5** Successors and Assigns................................................................................ 17

10-61078-rk    Doc 591    FILED 06/27/11    ENTERED 06/27/11 18:56:27    Page 4 of 23

## TABLE OF EXHIBITS

Exhibit A      —      Defined Terms

Exhibit B      —      Litigation Escrow Agreement

Exhibit C      —      Sale Order

Exhibit D      —      Notice Parties

Exhibit E      —      Allocation of Proceeds from Causes of Action

{2537141:2}

## TABLE OF CONFIRMATION EXHIBITS

Exhibit 3.4.3    —    Causes of Action

Exhibit 4.1     —    Assumed Executory Contracts and Unexpired Leases

Exhibit A.31    —    Committee Escrow Agreement

{2537141:2}

## INTRODUCTION

Bucyrus Community Hospital, Inc. and its affiliated Debtor, Bucyrus Community Physicians, Inc., propose the following plan of liquidation for the resolution of the outstanding claims against and interests in their respective bankruptcy estates. Reference is made to the Disclosure Statement for the Debtors' Chapter 11 Plan of Liquidation for a discussion of the history, business, properties and operations of the Debtors, a summary and analysis of this Plan, risk factors related to this Plan, and certain related matters including, among other things, the proposed substantive consolidation of the Chapter 11 Cases. This Plan follows the closing of a sale of substantially all of the Debtors' operating assets to GCH Acquisition Sub and contemplates the distribution of the proceeds of such Sale and unsold liquid assets pursuant to this Plan. Subject to certain restrictions and requirements set forth in 11 U.S.C. § 1127 and Fed. R. Bankr. P. 3019, the Debtors reserve the right to alter, amend, modify, revoke or withdraw this Plan prior to its substantial consummation.

## ARTICLE I
## DEFINED TERMS, RULES OF INTERPRETATION
## AND COMPUTATION OF TIME

### 1.1    Defined Terms

As used in the Plan, capitalized terms have the meanings set forth in Exhibit A. Any term that is not otherwise defined in this Plan, but that is used in the Bankruptcy Code or the Bankruptcy Rules (as each term is defined in Exhibit A), will have the meaning given to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

### 1.2    Rules of Interpretation and Computation of Time

#### 1.2.1    Rules of Interpretation

For purposes of this Plan, unless otherwise provided in this Plan: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) unless otherwise provided in this Plan, any reference in this Plan to a contract, instrument, release, or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (c) any reference in this Plan to an existing document or schedule Filed or to be Filed means such document or schedule, as it may have been or may be amended, modified, or supplemented pursuant to this Plan; (d) any reference to an entity as a Holder of a Claim or Interest includes that entity's successors and assigns; (e) all references in this Plan to Sections, Articles, and Exhibits are references to Sections, Articles, and Exhibits of or to this Plan; (f) the words "in this Plan", "hereunder," and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan; (g) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of this Plan; (h) subject to the provisions of any contract, certificates of formation, limited liability operating agreement, instrument, release, or other agreement or document entered into in connection with this Plan, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, federal law, including the Bankruptcy Code and Bankruptcy Rules; and (i) the rules of construction set forth in section 102 of the Bankruptcy Code shall apply.

#### 1.2.2    Computation of Time

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) will apply.

## ARTICLE II
## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

All Claims and Interests, except Administrative Claims, statutory fees payable pursuant to 23 U.S.C. § 1930 and Priority Tax Claims, are placed in the following Classes. In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Statutory Fees and Priority Tax Claims, as described in Section 2.1, have not been classified and thus are excluded from the following Classes. A Claim or Interest is classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of that Class and is classified in other Classes to the extent that any remainder of the Claim qualifies within the description of such other Classes.

### 2.1    Unclassified Claims

#### 2.1.1    Payment of Administrative Claims

a.    Administrative Claims in General

Except as otherwise specified in this Section 2.1, and subject to the Bar Date provisions in this Plan, unless an order of the Bankruptcy Court provides otherwise, each holder of an Allowed Administrative Claim will receive, in full satisfaction of its Allowed Administrative Claim, Cash equal to the amount of such Allowed Administrative Claim on the later of (i) the Effective Date or (ii) the date on which such Administrative Claim becomes an Allowed Administrative Claim.

b.    Statutory Fees

On or before the Effective Date, Administrative Claims for fees payable pursuant to 28 U.S.C. § 1930 will be paid in Cash equal to the amount of such Allowed Administrative Claims.

c.    Bar Dates for Administrative Claims

(i)    General Administrative Claim Bar Date Provisions

Except as otherwise provided in this Plan or an order of the Bankruptcy Court, requests for payment of Administrative Claims must have been Filed on or prior to March 18, 2011 pursuant to the procedures specified in the Administrative Bar Date Order. Holders of Administrative Claims that were required to File and serve a request for payment of such Administrative Claims and that did not File and serve such a request by the Administrative Bar Date are forever barred from asserting such Administrative Claims against the Debtors, their respective property, or the Plan Administrator and such Administrative Claims will be deemed discharged as of the Effective Date. Objections to such requests must be Filed by the Claims Objection Bar Date.

(ii)    Bar Dates for Professional Compensation

All unpaid Fee Claims incurred by Professionals prior to the Effective Date shall be subject to final allowance or disallowance upon application to the Bankruptcy Court pursuant to sections 328, 330 or 503(b)(4) of the Bankruptcy Code. Final applications for allowance of Fee Claims for services rendered in connection with the Chapter 11 Cases shall be filed with the Bankruptcy Court no later than 45 days after the Effective Date. Objections to any Fee Claims must be filed and served on the Notice Parties and the requesting party by the later of: (a) 75 days after the Effective Date; (b) 30 days after the filing of the applicable request for payment of the Fee Claims; and (c) such other period of limitation as may be specifically fixed by a Final Order for objecting to such Fee Claims. To the extent

necessary, the Confirmation Order will amend and supersede any previously entered order of the Bankruptcy Court regarding the payment of Fee Claims.

### 2.1.2   Payment of Priority Tax Claims

a.   Priority Tax Claims

Each holder of an Allowed Priority Tax Claim will receive, in full satisfaction of its Priority Tax Claim, Cash equal to the amount of such Allowed Priority Tax Claim, on the later of (a) the Effective Date or (b) the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim.

b.   Other Provisions Concerning Treatment of Priority Tax Claims

Notwithstanding the provisions of Section 2.1.2.a, the holder of an Allowed Priority Tax Claim will not be entitled to receive any payment on account of any penalty arising with respect to or in connection with the Allowed Priority Tax Claim. Any such Claim or demand for any such penalty will be subject to treatment in Class 5 (General Unsecured Claims), as applicable, if not subordinated to Class 5 Claims pursuant to an order of the Bankruptcy Court. The holder of an Allowed Priority Tax Claim will not assess or attempt to collect such penalty from the Debtors, the Plan Administrator or their respective property (other than as a holder of a Class 5 Claim).

### 2.2   Classified Claims

#### 2.2.1   Other Priority Claims (Class 1 Claims) – Unimpaired.

Each Holder of an Allowed Other Priority Claim will receive, in full satisfaction of its Other Priority Claim, cash equal to the amount of such Allowed Other Priority Claim on the later of (a) the Effective Date or (b) the date on which such Other Priority Claim becomes an Allowed Other Priority Claim.

#### 2.2.2   Other Secured Claims (Class 2 Claims) – Unimpaired.

Unless the Holder of such Claim and the applicable Debtor agree to a different treatment, 30 days after the later of (a) Effective Date and (b) the date on which the Claim is Allowed, in full satisfaction of its Allowed Claim, each Holder of an Allowed Other Secured Claim shall receive, at the option of the Debtors: (x) the net proceeds of the sale of the property securing such claim, up to the Allowed amount of such claim; (y) the return of property securing such claim; or (z) Cash equal to the value of the property securing such claim, up to the value of the Allowed Other Secured Claim.

#### 2.2.3   Declaration Action Claims (Class 3 Claims) – Unimpaired.

On the Effective Date, the Prevailing Party shall be deemed to have been paid in full by reason of the creation and funding of the Litigation Escrow.

#### 2.2.4   HUD Secured Claims (Class 4 Claims) – Impaired.

On the Effective Date, HUD shall be deemed to have its Secured Claims satisfied by reason of its receipt of the (i) Net Sale Proceeds and (ii) the Remainder Claim, to be treated in accordance with Section 2.2.6 of this Plan.

### 2.2.5 General Unsecured Claims (Class 5 Claims) – Impaired.

On the Effective Date, each Holder of a General Unsecured Claim shall be deemed to have had its Claim satisfied by reason of the creation and funding of the Committee Escrow and by implementation of procedures for remittance of the D&O Proceeds and proceeds from Causes of Action, if any, in accordance with the terms of the Settlement Agreement and Exhibit E.

### 2.2.6 HUD Unsecured Claims (Class 6 Claims) – Impaired.

On the Effective Date, HUD shall be deemed to have its Remainder Claim and its General Claim satisfied by implementation of procedures for remittance of the D&O Proceeds and proceeds from Causes of Action, if any, in accordance with the terms of the Settlement Agreement and Exhibit E.

### 2.2.7 Intercompany Claims (Class 7 Claims) – Impaired.

On the Effective Date, all Intercompany Claims will be cancelled. Intercompany Claims are not entitled to any distributions under the Plan.

### 2.2.8 Interests (Class 8 Interests) – Impaired.

On the Effective Date, all Interests will be cancelled. Interests are not entitled to any distributions under the Plan.

### 2.3 Special Provisions Relating to the Rights of Setoff of Creditors

Nothing in this Plan shall expand or enhance a creditor's right of setoff, which shall be determined as of the Petition Date. Nothing in this Plan is intended to, or shall be interpreted to, approve any creditor's effectuation of a postpetition setoff without the prior written consent of the Debtors, unless prior Bankruptcy Court approval has been obtained.

## ARTICLE III
## MEANS FOR IMPLEMENTATION OF THE PLAN

### 3.1 Confirmation Exhibits

All Confirmation Exhibits to this Plan shall be filed with the Bankruptcy Court no later than 10 days before the Confirmation Hearing.

### 3.2 Winddown of Debtors

As soon as practicable subsequent to the Effective Date, each of the Debtors shall take all necessary steps to effect their winddown and dissolution.

### 3.3 Plan Administrator

#### 3.3.1 Appointment of the Plan Administrator

As of the Effective Date, the Plan Administrator shall be appointed to implement the Plan.

#### 3.3.2 Duties of the Plan Administrator

Consistent with the terms and conditions set forth in this Plan, the Settlement Agreement and the Committee Escrow Agreement, the Plan Administrator shall be empowered to:

a. receive, hold, invest and utilize the Settlement Funds in accordance with the terms and conditions of this Plan, the Settlement Agreement and the Committee Escrow Agreement;

b. investigate and prosecute, on behalf of the Debtors and their Estates, the Causes of Action identified at Confirmation Exhibit 3.4.3 (including, without limitation, the D&O Actions);

c. object to or compromise any Claim asserted by a General Unsecured Creditor in these Chapter 11 Cases;

d. resolve any Disputed Claims in accordance with the provisions of this Plan;

e. receive, hold, invest and disburse any remaining Settlement Funds, D&O Proceeds and proceeds from Causes of Action in accordance with the provisions of this Plan, the Settlement Agreement, the Committee Escrow Agreement and Exhibit E; and

f. take any and all such other necessary or reasonable acts to implement the terms of this Plan.

### 3.3.3 Compensation; No Bond

The Plan Administrator shall serve without bond. The Plan Administrator shall be entitled to compensation in the amount of $275 an hour, and shall be entitled to seek reimbursement for reasonable and necessary out-of-pocket costs (including attorneys' fees) in each case solely from the Settlement Funds. In no event shall the Debtors or their Estates bear any liability for compensation or reimbursement of the Plan Administrator.

### 3.3.4 No Fiduciary or Agency Relationship

The Plan Administrator will act only in accordance with the terms and conditions of this Plan and the Committee Escrow Agreement. The Plan Administrator shall not constitute, nor be deemed to constitute, an agent or fiduciary of the Debtors or their Estates.

## 3.4 Special Provisions

### 3.4.1 Limitations on Amounts to Be Distributed to Holders of Allowed Insured Claims

Distributions under the Plan to each holder of an Allowed Insured Claim will be in accordance with the treatment provided under the Plan for the Class in which such Allowed Insured Claim is classified, but solely to the extent that such Allowed Insured Claim is not satisfied from proceeds payable to the holder thereof under any pertinent insurance policies and applicable law. Nothing in this Section 3.4.1 constitutes a waiver of any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities that any entity may hold against any other entity, including the Debtors' insurance carriers.

10-61078-rk    Doc 591    FILED 06/27/11    ENTERED 06/27/11 18:56:27    Page 11 of 23

### 3.4.2 Liquidation of Tort Claims

All Tort Claims will be liquidated, determined or otherwise resolved in accordance with the provisions of section 502(c) of the Bankruptcy Code and will be subject to the Claims allowance process set forth in the Plan.

### 3.4.3 Preservation of Causes of Action, Avoidance Actions

On the Effective Date, the Debtors will transfer to the Plan Administrator the Causes of Action identified at Confirmation Exhibit 3.4.3, and the Plan Administrator may enforce any such Cause of Action so transferred. All other Causes of Action that the Debtors or the Estates may hold against any entity, including Avoidance Actions (except to the extent such Avoidance Action may also constitute a D&O Action), shall be expressly released under this Plan. Notwithstanding anything contained in this Section 3.4.3 or this Plan to the contrary, the Debtors or the Plan Administrator, as the case may be, may assert any Avoidance Action as a defense and where applicable.

### 3.4.4 Effectuating Documents; Further Transactions; Exemption from Certain Transfer Taxes

The Chief Restructuring Officer or Financial Transition Officer of each Debtor and the Plan Administrator, as the case may be, will be authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan. Pursuant to section 1146(a) of the Bankruptcy Code, the following will not be subject to any stamp Tax, real estate transfer Tax, mortgage recording Tax, sales or use Tax or similar Tax: (a) the creation of any mortgage, deed of trust, lien or other security interest; (b) the making or assignment of any lease or sublease; or (c) the making or delivery of any deed or other instrument of transfer under, in furtherance of or in connection with the Plan, including any merger agreements, agreements of consolidation, restructuring, disposition, liquidation or dissolution, deeds, bills of sale or assignments executed in connection with any of the foregoing or pursuant to the Plan.

### 3.4.5 Comprehensive Settlement of Claims and Controversies

Pursuant to Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan, including the releases set forth in Article VIII, will constitute a good faith compromise and settlement of all claims or controversies relating to the rights that a holder of a Claim or Interest may have with respect to any Allowed Claim or any distribution to be made pursuant to the Plan on account of any Allowed Claim. The entry of the Confirmation Order will constitute the Bankruptcy Court's approval, as of the Effective Date, of the compromise or settlement of all such claims or controversies and the Bankruptcy Court's finding that such compromise or settlement is in the best interests of the Debtors, their Estates and their respective property and Claim and Interest holders and is fair, equitable and reasonable.

### ARTICLE IV
### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### 4.1 Assumption and Assignment

Each Executory Contract, Unexpired Lease or other agreement listed on Confirmation Exhibit 4.1 has been assigned to the Purchaser prior to the Effective Date. All other Executory Contracts, Unexpired Leases or other agreements will be deemed rejected.

10-61078-rk    Doc 591    FILED 06/27/11    ENTERED 06/27/11 18:56:27    Page 12 of 23

### 4.2 Cure of Defaults

Upon information and belief, all Cure Amounts have been satisfied by the Purchaser in accordance with the terms and procedures of the Sale and related process.

### 4.3 Bar Date for Rejection Damage Claims

To the extent not previously rejected in accordance with an Order of the Bankruptcy Court, Claims arising out of the rejection of an Executory Contract or Unexpired Lease pursuant to Section 4.1 must be Filed with the Bankruptcy Court and served on the Debtors, and on and after the Effective Date, the Plan Administrator, by no later than 30 days after the later of (a) notice of entry of an order approving the rejection of such Executory Contract or Unexpired Lease, (b) notice of entry of the Confirmation Order or (c) notice of an amendment to Confirmation Exhibit 4.1, and upon allowance, shall be an Allowed General Unsecured Claim. Any Claims not Filed within such applicable time periods will be forever barred from receiving a distribution from the Debtors, the Estates or the Plan Administrator.

### 4.4 Approval of Rejection

Entry of the Confirmation Order shall constitute, pursuant to sections 365 and 1123 of the Bankruptcy Code, the approval of the rejection of all Executory Contracts and Unexpired Leases pursuant to Section 4.1 to the extent not previously assumed or rejected by Order of the Bankruptcy Court.

### ARTICLE V
### PROVISIONS GOVERNING DISTRIBUTIONS

### 5.1 Distributions for Claims Allowed as of the Effective Date

Except as otherwise provided in this Article V, distributions of Cash to be made on the Effective Date to holders of Claims as provided by Article II that are Allowed as of the Effective Date shall be deemed made on the Effective Date if made on the Effective Date or as promptly thereafter as practicable, but in any event no later than 30 days after the Effective Date; or, with respect to undeliverable distributions, when the provisions of Section 5.4.4 are satisfied. Distributions on account of Claims that become Allowed after the Effective Date will be made pursuant to Section 6.3.

### 5.2 Method of Distributions to Holders of Claims

The Debtors or the Plan Administrator will make all distributions of Cash and other instruments or documents required under the Plan. The Plan Administrator will serve without bond.

### 5.3 Delivery of Distributions and Undeliverable or Unclaimed Distributions

#### 5.3.1 Delivery of Distributions

Distributions to holders of Allowed Claims will be made: (i) at the addresses set forth on the respective proofs of Claim or request for payment of Administrative Claim Filed by holders of such Claims, as applicable; (ii) at the address for a Claim transferee set forth in a valid and timely notice of transfer of Claim Filed with the Bankruptcy Court; (iii) at the addresses set forth in any written notice of address change Filed with the Bankruptcy Court after the date of Filing of any related proof of Claim; (iv) at the addresses reflected in the applicable Debtor's Schedules if no proof of Claim has been Filed; or (v) if clauses (i) through (iv) are not applicable, at the last address known or directed by such holder after such Claim becomes an Allowed Claim.

10-61078-rk    Doc 591    FILED 06/27/11    ENTERED 06/27/11 18:56:27    Page 13 of 23

### 5.3.2 Undeliverable Distributions Held by the Plan Administrator

#### a. Holding of Undeliverable Distributions

Subject to Section 5.3.2.c, distributions returned to the Plan Administrator or otherwise undeliverable will remain in the possession of the Plan Administrator pursuant to this Section 5.3.2.a, until such time as a distribution becomes deliverable.

#### b. After Distributions Become Deliverable

On each Distribution Date, the Plan Administrator will make all distributions that became deliverable to holders of Allowed Claims at the next Distribution Date; *provided, however*, that the Plan Administrator may, in its sole discretion, establish a record date prior to each periodic Distribution Date, such that only Allowed Claims as of the record date will participate in such periodic distribution. Notwithstanding the foregoing, the Plan Administrator reserves the right, to the extent it determines a distribution on any periodic Distribution Date is uneconomical or unfeasible, or is otherwise unadvisable, to postpone a periodic Distribution Date.

#### c. Failure to Claim Undeliverable Distributions

Any holder of an Allowed Claim that does not assert its right to an undeliverable distribution prior to the date that is 60 days prior to the Final Distribution Date will be forever barred from asserting any such Claim against a Debtor, the Plan Administrator and their respective property or accounts. In such cases, unclaimed distributions held by the Plan Administrator will be retained by the Plan Administrator for distribution to other creditors. Any unclaimed distributions or any distributions that are returned as undeliverable and unclaimed pursuant to this Section 5.3.2.c will be delivered to the Committee Escrow free of any restrictions thereon. Nothing contained in the Plan will require a Debtor or the Plan Administrator to attempt to locate any holder of an Allowed Claim.

### 5.4 Timing and Calculation of Amounts to be Distributed

#### 5.4.1 Distributions on Account of Allowed Claims in Class 1 and Class 2

Distributions to be made to holders of Allowed Claims classified in Class 1 or Class 2 under the Plan shall be made within 30 days of such Claim becoming an Allowed Claim.

#### 5.4.2 Distributions on Account of Allowed Claims in Class 3

Distributions to be made on account of Allowed Claims classified in Class 3 under the Plan shall be deemed to have been made by the funding of the Litigation Escrow.

#### 5.4.3 Distributions on Account of Allowed Claims in Class 4

Distributions to be made on account of Allowed Claims classified in Class 4 under the Plan shall have been made on the Closing Date, or as soon as is reasonably practical.

#### 5.4.4 Distributions on Account of Allowed Claims in Class 5

Distributions to be made on account of Allowed Claims classified in Class 5 under the Plan shall be deemed to have been made by the funding of the Committee Escrow and with respect to D&O Proceeds and proceeds from Causes of Action, if any, as soon as is reasonably practical in accordance with the terms and conditions of the Settlement Agreement and Exhibit E.

10-61078-rk    Doc 591    FILED 06/27/11    ENTERED 06/27/11 18:56:27    Page 14 of 23

### 5.4.5 Distributions on Account of Allowed Claims in Class 6

Distributions to be made on account of Allowed Claims classified in Class 6 under the Plan, if any, shall be made as soon as is reasonably practical in accordance with the terms and conditions of the Settlement Agreement and Exhibit E.

### 5.5 Other Provisions Applicable to Distributions in All Classes

#### 5.5.1 Postpetition Interest

No interest shall have accrued on any Claim that is not an Allowed Secured Claim that is oversecured on and after the Petition Date.

#### 5.5.2 Allocation of Distributions

All distributions to a holder of an Allowed Claim that has components of principal and interest will be deemed to apply first to the principal amount of such Claim until such principal amount is paid in full, and then the remaining portion of such distributions, if any, will be deemed to apply to any applicable accrued interest included in such Claim to the extent interest is payable under this Plan.

#### 5.5.3 Holders of Record

Transferees of Claims that are transferred pursuant to Bankruptcy Rule 3001 for which a notice of transfer has been Filed on or prior to the Distribution Record Date will be treated as the holders of such Claims for all purposes, notwithstanding that any period provided by Bankruptcy Rule 3001 for objecting to such transfer has not expired by the Distribution Record Date. No transfers Filed with the Bankruptcy Court after the Distribution Record Date shall be recognized by the Plan Administrator.

### 5.6 Means of Cash Payments

Except as otherwise specified in this Plan, Cash payments made pursuant to the Plan will be in U.S. currency by checks drawn on a domestic bank selected by the Debtors or the Plan Administrator, as applicable, by wire transfer, electronic funds or ACH from a domestic bank; *provided, however*, that Cash payments to foreign holders of Allowed Claims may be made, at the option of the Plan Administrator, in such funds and by such means as are necessary or customary in a particular foreign jurisdiction.

### 5.7 Withholding Requirements

#### 5.7.1 Withholding

In connection with the Plan, to the extent applicable, the Plan Administrator will comply with all applicable Tax withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan will be subject to applicable withholding and reporting requirements. Notwithstanding any provision in the Plan to the contrary, the Plan Administrator will be authorized to take any actions that may be necessary or appropriate to comply with such withholding and reporting requirements, including, without limitation, liquidating a portion of the distribution to be made under the Plan to generate sufficient funds to pay applicable withholding Taxes or establishing any other mechanisms the Plan Administrator believes are reasonable and appropriate, including requiring Claim holders to submit appropriate Tax and withholding certifications. To the extent any Claim holder fails to submit appropriate Tax and withholding certifications as required by the Plan Administrator, such Claim holder's distribution will be deemed undeliverable and subject to Section 5.3.2.

10-61078-rk    Doc 591    FILED 06/27/11    ENTERED 06/27/11 18:56:27    Page 15 of 23

### 5.7.2 Distributions

Notwithstanding any other provision of the Plan, each entity receiving a distribution of Cash pursuant to the Plan will have sole and exclusive responsibility for the satisfaction and payment of any Tax obligations imposed on it by any governmental unit on account of the distribution, including income, withholding and other Tax obligations.

### 5.7.3 Allocations

The Debtors and the Plan Administrator, as applicable, reserve the right to allocate and distribute all distributions made under the Plan in compliance with all applicable wage garnishments, alimony, child support and other spousal awards, liens and similar encumbrances.

### 5.8 Setoffs

Except with respect to claims of a Debtor released pursuant to the Plan or any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, each Debtor (or the Plan Administrator on behalf of a Debtor) may, pursuant to section 553 of the Bankruptcy Code or applicable nonbankruptcy law, set off against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Claim (before any distribution is made on account of such Claim) the claims, rights and causes of action of any nature that the applicable Debtor may hold against the holder of such Allowed Claim; *provided, however*, that neither the failure to effect a setoff nor the allowance of any Claim hereunder will constitute a waiver or release by the applicable Debtor or the Plan Administrator of any claims, rights and causes of action that the Debtors may possess against a Claim Holder, which are expressly preserved under Section 3.4.3.

## ARTICLE VI
## PROCEDURES FOR RESOLVING DISPUTED CLAIMS

### 6.1 Treatment of Disputed Claims

#### 6.1.1 Tort Claims

Each Tort Claim will be resolved in accordance with Section 3.4.2 of this Plan.

#### 6.1.2 Disputed Insured Claims

The resolution of Disputed Insured Claims, including Tort Claims, shall be subject to the provisions of Sections 3.4.1 and 3.4.2 of this Plan.

#### 6.1.3 No Distributions Pending Allowance

Notwithstanding any other provision of this Plan, no payments or distributions will be made on account of a Disputed Claim until such Claim becomes an Allowed Claim, if ever.

### 6.2 Prosecution of Objections to Claims

#### 6.2.1 Objections to Claims

All objections to Claims must be Filed and served on the holders of such Claims, and any amendment to the Schedules to reduce the scheduled Claim of such holder, must be made by the Debtors or the Plan Administrator by the Claims Objection Bar Date. If an objection has not been Filed to a Claim or an amendment has not been made to the Schedules with respect to a scheduled Claim by the Claims

Objection Bar Date, the particular Claim will be treated as an Allowed Claim if such Claim has not been allowed earlier.

### 6.2.2 Authority to Prosecute Objections

On or after the Effective Date, the Plan Administrator shall have the sole authority to File, settle, compromise, withdraw or litigate to judgment objections to Claims.

### 6.2.3 Authority to Amend Schedules

The Debtors or the Plan Administrator, as applicable, will have the authority to amend the Schedules with respect to any Claim, and to make distributions based on such amended Schedules without approval of the Bankruptcy Court. If any such amendment to the Schedules reduces the amount of a Claim or changes the nature or priority of a Claim, the Debtors or the Plan Administrator will provide the holder of such Claim with notice of such amendment and such holder will have 30 days to File an objection to such amendment with the Bankruptcy Court. Notwithstanding anything in this Section 6.2.3 or this Plan to the contrary, the Plan Administrator shall have the authority to object to the amount of any Claim indicated on the Schedules if the Plan Administrator determines in good faith that the Claim is invalid or has previously been paid or satisfied.

### 6.2.4 Request for Extension of Claims Objection Bar Date

Upon motion to the Bankruptcy Court, the Plan Administrator may request, and the Bankruptcy Court may grant, an extension to the Claims Objection Bar Date generally or with respect to a specific list of Claims. Any extension granted by the Bankruptcy Court shall not be considered to be a plan modification under section 1127 of the Bankruptcy Code.

### 6.3 Distributions on Account of Disputed Claims Once Allowed

Distributions on account of Disputed Claims that become Allowed Claims after the Effective Date shall be made in accordance with Article V of the Plan.

**ARTICLE VII**
**CONSOLIDATION OF CERTAIN DEBTORS**

### 7.1 Limited Consolidation for Certain Purposes

Pursuant to the Confirmation Order, the Bankruptcy Court shall approve the Debtors' election to treat the Estates as if they were consolidated. Accordingly, for purposes of implementing the Plan, pursuant to such order: (a) all Assets and Liabilities of the Debtors shall be treated as if they are pooled; and (b) with respect to any guarantees by one Debtor of the obligations of any Debtor, and with respect to any joint or several liability of any Debtor, the holder of any Claims for such obligations will receive a single recovery on account of any such joint obligations of the Debtors, in each case except to the extent otherwise provided in the Plan.

Such election to treat the Estates as if they were consolidated solely for the purpose of implementing the Plan shall not affect: (a) the legal and corporate structures of the Debtors; and (b) distributions from any insurance policies or proceeds of such policies. In addition, such election to treat the Estates as consolidated for the purpose of implementing the Plan will not constitute a waiver of the mutuality requirement for setoff under section 553 of the Bankruptcy Code, except to the extent otherwise expressly waived by the Debtors.

10-61078-rk    Doc 591    FILED 06/27/11    ENTERED 06/27/11 18:56:27    Page 17 of 23

**7.2     Order Granting Consolidation for Certain Purposes**

This Plan serves as a motion seeking entry of an order consolidating the Debtors as described and to the limited extent set forth in Section 7.1 above. Unless an objection to such consolidation is made in writing by any creditor affected by the Plan, Filed with the Bankruptcy Court and served on the parties listed on Exhibit D on or before the date fixed by the Bankruptcy Court for objecting to Confirmation of this Plan, the consolidation order (which may be the Confirmation Order) may be entered by the Bankruptcy Court. In the event any such objections are timely Filed, a hearing with respect thereto shall occur at or before the Confirmation Hearing.

In the event that the Bankruptcy Court does not approve the Debtors' election to treat the Estates as if they are consolidated, (a) the Plan shall be treated as a separate plan of liquidation for each Debtor, and (b) the Debtors shall not be required to re-solicit votes with respect to the Plan.

### ARTICLE VIII
### CONFIRMATION OF THE PLAN

**8.1     Conditions Precedent to Confirmation**

The following conditions are conditions to the entry of the Confirmation Order unless such conditions, or any of them, have been satisfied or duly waived pursuant to Section 8.3:

A.     The Confirmation Order will be reasonably acceptable in form and substance to the Debtors and the Creditors' Committee.

B.     The Plan shall not have been materially amended, altered or modified, unless such material amendment, alteration or modification has been made in accordance with Section 10.1 of the Plan.

C.     All Confirmation Exhibits to the Plan are in form and substance reasonably satisfactory to the Debtors.

**8.2     Conditions Precedent to the Effective Date**

The Effective Date will not occur, and the Plan will not be consummated, unless and until each of the following conditions have been satisfied or duly waived pursuant to Section 8.3:

A.     The Bankruptcy Court shall have entered the Confirmation Order, and the Confirmation Order shall be a Final Order.

B.     No stay of the Confirmation Order shall then be in effect.

C.     The Plan Administrator shall have been appointed, and shall have accepted such appointment.

D.     The Plan and all Confirmation Exhibits to the Plan shall not have been materially amended, altered or modified from the Plan as confirmed by the Confirmation Order, unless such material amendment, alteration or modification has been made in accordance with Section 10.1 of the Plan.

10-61078-rk    Doc 591    FILED 06/27/11    ENTERED 06/27/11 18:56:27    Page 18 of 23

### 8.3 Waiver of Conditions to Confirmation or Effective Date

The conditions to Confirmation and the conditions to the Effective Date may be waived in whole or in part at any time by the Debtors (after consultation with the Creditors' Committee) without an order of the Bankruptcy Court.

### 8.4 Cramdown

The Debtors request Confirmation under section 1129(b) of the Bankruptcy Code with respect to any impaired Class that has not accepted or is deemed not to have accepted the Plan pursuant to section 1126 of the Bankruptcy Code.

### 8.5 Effect of Nonoccurrence of Conditions to the Effective Date

If each of the conditions to the Effective Date is not satisfied or duly waived in accordance with Section 8.3, then upon motion by the Debtors made before the time that each of such conditions has been satisfied and upon notice to such parties in interest as the Bankruptcy Court may direct, the Confirmation Order will be vacated by the Bankruptcy Court; *provided, however*, that, notwithstanding the Filing of such motion, the Confirmation Order may not be vacated if each of the conditions to the Effective Date is satisfied or waived before the Bankruptcy Court enters an order granting such motion. If the Confirmation Order is vacated pursuant to this Section 8.5: (1) the Plan will be null and void in all respects, including with respect to the releases described in Section 8.6.2; and (2) nothing contained in the Plan will (a) constitute a waiver or release of any Claims by or against any Debtor or (b) prejudice in any manner the rights of the Debtors or any other party in interest.

### 8.6 Effect of Confirmation of the Plan

#### 8.6.1 Discharge of Claims and Termination of Interests

Pursuant to section 1141(d)(3) of the Bankruptcy Code, Confirmation will not discharge Claims against the Debtors; *provided, however*, that no holder of a Claim against the Debtors may, on account of such Claim, seek or receive any payment or other distribution from, or seek recourse against, the Debtors, the Plan Administrator or property of the Estates, except as expressly provided in the Plan.

#### 8.6.2 Releases

Each and every entity receiving a distribution pursuant to the Plan on account of its Allowed Claim will be deemed to forever release and waive all claims, demands, debts, rights, causes of action, and liabilities in connection with or related to any of the Debtors, the Chapter 11 Cases, or the Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, that are based in whole or in part on any act, omission, or other occurrence taking place on or prior to the Effective Date, against the Debtors, their current senior management, and current and former members of the Creditors' Committee (in their capacity as members thereof), to the fullest extent permitted under applicable law. Notwithstanding anything in the Plan or in the releases set forth above to the contrary, nothing herein shall be construed to release, and the Debtors do not hereby release, those causes of action preserved in accordance with Section 3.4.3 of this Plan or any rights of the respective Debtors: (a) to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder; (b) to litigate Disputed Claims, including without limitation to make any claim, or demand or allege and prosecute any cause of action against any holder of any Disputed Claims; and (c) to litigate claims and causes of action not specifically released herein, including claims and causes of action contained in any adversary complaint, including but not limited to the Declaratory Action, or as may be filed by the Debtors or the

Creditors' Committee during the pendency of the Chapter 11 Cases, that has not been withdrawn or dismissed prior to the Confirmation Date.

### 8.6.3   Injunction

Except as provided in the Plan or the Confirmation Order, as of the Confirmation Date, all entities that have held, currently hold, or may hold a Claim or other debt or liability against the Debtors or an Interest or other right of an equity security holder are permanently enjoined from taking any of the following actions on account of any such Claims, debts, liabilities, Interests or rights: (a) commencing or continuing in any manner any action or other proceeding against the Released Parties or their property; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Released Parties or their property; (c) creating, perfecting, or enforcing any lien or encumbrance against the Released Parties or their property; (d) asserting a right of subordination of any kind against any debt, liability, or obligation due to the Released Parties or their property; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

### 8.6.4   Exculpation

Subject to the occurrence of the Effective Date, none of the Exculpated Parties shall have or incur any liability to any holder of a Claim or Interest for any act or omission in connection with, related to, or arising out of, the Chapter 11 Cases and the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan; *provided, that* the Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan; *provided, further,* that nothing in the Plan shall, or shall be deemed to, release the Exculpated Parties, or exculpate the Exculpated Parties with respect to, their respective obligations or covenants arising pursuant to the Plan.

### 8.7   Request for Waiver of Stay of Confirmation Order

This Plan will serve as a motion seeking a waiver of the stay of the Confirmation Order imposed by Bankruptcy Rule 3020(e). Any objection to this request for waiver shall be Filed with the Bankruptcy Court and served on the parties listed on Exhibit D on or before the Voting Deadline, or such other date as may be fixed by the Bankruptcy Court. In the event any such objections are timely Filed, a hearing with respect thereto will occur at the Confirmation Hearing.

## ARTICLE IX
## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court will retain such jurisdiction over the Chapter 11 Cases after the Effective Date as is legally permissible, including jurisdiction to:

A.      Allow, disallow, determine, liquidate, reduce, classify, re-classify, estimate or establish the priority or secured or unsecured status of any Claim, including the resolution of any request for payment of any Administrative Claim and the resolution of any objections to the amount, allowance, priority or classification of Claims;

B.      Resolve any issues arising under the Asset Purchase Agreement or the Sale Order;

10-61078-rk   Doc 591   FILED 06/27/11   ENTERED 06/27/11 18:56:27   Page 20 of 23

C.     Either grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan for periods ending on or before the Effective Date;

D.     Resolve any matters related to the assumption, assumption and assignment or rejection of any Executory Contract or Unexpired Lease to which any Debtor is a party or with respect to which any Debtor may be liable and to hear, determine and, if necessary, liquidate any Claims arising therefrom, including any Cure Amount Claims;

E.     Ensure that distributions on account of Allowed Claims are accomplished pursuant to the provisions of the Plan;

F.     Decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and either grant or deny any applications involving any Debtor that may be pending on the Effective Date or brought thereafter;

G.     Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents entered into or delivered in connection with the Plan, the Litigation Escrow Agreement, the Committee Escrow Agreement, the Disclosure Statement or the Confirmation Order;

H.     Resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan, the Committee Escrow Agreement or any contract, instrument, release or other agreement or document that is entered into or delivered pursuant to the Plan, the Litigation Escrow Agreement, the Committee Escrow Agreement or any entity's rights arising from or obligations incurred in connection with the Plan, the Litigation Escrow Agreement, the Committee Escrow Agreement or other such documents;

I.     Modify the Plan before or after the Effective Date pursuant to section 1127 of the Bankruptcy Code; modify the Disclosure Statement, the Confirmation Order or any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, the Disclosure Statement or the Confirmation Order; or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release or other agreement or document entered into, delivered or created in connection with the Plan, the Disclosure Statement or the Confirmation Order, in such manner as may be necessary or appropriate to consummate the Plan;

J.     Issue injunctions, enforce the injunctions contained in the Plan and the Confirmation Order, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation, implementation or enforcement of the Plan or the Confirmation Order;

K.     Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason or in any respect modified, stayed, reversed, revoked or vacated or distributions pursuant to the Plan are enjoined or stayed;

L.     Determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, the Disclosure Statement or the Confirmation Order;

M. Enforce or clarify any orders previously entered by the Bankruptcy Court in the Chapter 11 Cases;

N. Enter a final decree or decrees closing the Chapter 11 Cases;

O. Determine matters concerning state, local and federal Taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code, including any Disputed Claims for Taxes;

P. Hear all matters arising out of the consummation of the Sale;

Q. Recover all assets of the Debtors and their Estates, wherever located; and

R. Hear any other matter not inconsistent with the Bankruptcy Code.

**ARTICLE X**
**MISCELLANEOUS PROVISIONS**

### 10.1 Modification of the Plan

Subject to the restrictions on alteration, amendment and modification set forth in section 1127 of the Bankruptcy Code, the Debtors reserve the right to alter, amend or modify the Plan before the Effective Date.

### 10.2 Revocation of the Plan

The Debtors reserve the right to revoke or withdraw the Plan prior to the Confirmation Date. If the Debtors revoke or withdraw the Plan, or if Confirmation does not occur, then the Plan will be null and void in all respects, and nothing contained in the Plan will: (a) constitute a waiver or release of any Claims by or against any Debtor; (b) prejudice in any manner the rights of the Debtors, any Debtor or any other party in interest; or (c) constitute an admission of any sort by the Debtors, any Debtor or any other party in interest.

### 10.3 Severability of Plan Provisions

If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order will constitute a judicial determination and will provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

### 10.4 Dissolution of Creditors' Committee

On the Effective Date the Creditors' Committee and any other official committees appointed in the Chapter 11 Cases will dissolve, and the members of the Creditors' Committee and their respective Professionals will cease to have any duty, obligation or role arising from or related to the Chapter 11 Cases. The Professionals retained by the Creditors' Committee and the respective members thereof will not be entitled to assert any Fee Claim against the Debtors or their Estates for any services rendered or expenses incurred after the Effective Date in their capacity as Professionals for the Creditors' Committee, except to the extent necessary to File, prepare and defend any fee application.

10-61078-rk Doc 591 FILED 06/27/11 ENTERED 06/27/11 18:56:27 Page 22 of 23

### 10.5 Successors and Assigns

The rights, benefits and obligations of any entity named or referred to in the Plan will be binding on, and will inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

Dated: June 27, 2011

Respectfully Submitted,
Bucyrus Community Hospital, Inc. (for itself and on behalf of its Affiliated Debtor)

By:      /s/ Jerome L. Meyer
Name:    Jerome L. Meyer
Title:   Financial Transition Officer

McDONALD HOPKINS LLC

Shawn M. Riley (0037235)
Paul W. Linehan (0070116)
Melissa S. Giberson (0082413)
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114-2653
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail:   sriley@mcdonaldhopkins.com
          plinehan@mcdonaldhopkins.com
          mgiberson@mcdonaldhopkins.com