The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.

 

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION, CANTON

| | |
|---|---|
| In re: ) | |
| ) | Case Nos. 10-61078 and 10-61081 |
| BUCYRUS COMMUNITY HOSPITAL, INC., ) | (Jointly Administered under |
| et. al.,[1] ) | Case No. 10-61078) |
| ) | |
| Debtors. ) | Chapter 11 |
| ) | |
| ) | Judge Russ Kendig |

### ORDER (A) APPROVING DISCLOSURE STATEMENT; (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT DEBTORS' CHAPTER 11 PLAN OF LIQUIDATION; (C) SCHEDULING A HEARING ON CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN OF LIQUIDATION; AND (D) APPROVING NOTICE PROCEDURES

This matter is before the Court on the Debtors' Motion for an Order (A) Approving the Disclosure Statement; (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Debtors' Chapter 11 Plan of Liquidation, (C) Scheduling a Hearing on Confirmation of Debtors' Chapter 11 Plan of Liquidation; and (D) Approving Notice Procedures,

---

[1] The Debtors include: Bucyrus Community Hospital, Inc. (Employer Tax I.D. No. 34-4468311) and Bucyrus Community Physicians, Inc. (Employer Tax I.D. No. 20-0232621).

{2811135:}

Docket No. 593 (the "Motion") as filed with the Court on June 27, 2011; the Court having reviewed the Motion; notice of the Motion and relief requested therein was sufficient under the circumstances and no objection having been filed; the Court being fully advised and after due deliberation and sufficient cause appearing therefore,

**THE COURT FINDS THAT:**

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these chapter 11 cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.

B. Capitalized terms used, but not otherwise defined herein, shall have the meanings given to them in the Motion or the Disclosure Statement for the Debtors' Chapter 11 Plan of Liquidation, Docket No. 592 (the "Disclosure Statement").

C. The Disclosure Statement contains adequate information as defined in section 1125(a)(1) of the Bankruptcy Code.

D. The form of ballots attached to the Motion as Exhibit B (collectively, the "Ballots") are consistent with Official Form No. 14, adequately address the particular needs of these chapter 11 cases, and are appropriate for each class of claims entitled under the Debtors' Chapter 11 Plan of Liquidation, Docket No. 591 (the "Plan") to vote to accept or reject the Plan.

E. The period during which the Debtors may solicit acceptances to the Plan, as set forth below, is a reasonable period of time for creditors to make an informed decision to accept or reject the Plan.

F. The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as set forth below and in the Motion) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

G. The procedures set forth below regarding notice of the hearing on confirmation of the Plan and the contents of the Solicitation Packages comply with Rules 2002 and 3017 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, if followed, would constitute sufficient notice to all interested parties.

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED.

2. The Disclosure Statement shall be, and hereby is, APPROVED.

3. The Confirmation Hearing to consider the request of the Debtors for confirmation of the Plan will be held on October 4, 2011, at 2:00 p.m., prevailing Eastern Time, in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, Ralph Regula Federal Building and U.S. Courthouse, 401 McKinley Avenue SW, Canton, Ohio 44702. The Confirmation Hearing may be adjourned from time to time without further notice. Additionally, the Plan may be modified, without further notice, prior to, at, or as a result of the Confirmation Hearing.

4. Pursuant to Bankruptcy Rule 3020(b), September 27, 2011, shall be, and hereby is, fixed as the last day for filing and serving written objections or responses to the Debtors' request for confirmation of the Plan. Any objections to confirmation of the Plan must (a) be in writing, (b) state the name and address of the objector and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases, (c) specify the bases and nature of the objection or response, including citation to any statutes or case law that the responding party wishes this Court to consider in connection with the objection or response, and (d) be filed with the Clerk of the Bankruptcy Court, U.S. Bankruptcy Court, Northern District of Ohio, Eastern Division, Ralph Regula Federal Building and U.S. Courthouse, 401 McKinley Avenue SW, Canton, Ohio 44702 (the "Clerk of the Bankruptcy Court"), together with proof of service, and served on the following parties at the following addresses, so as to be **received** by them on or before 4:00 p.m., prevailing Eastern Time, on September 27, 2011:

| Counsel for the Debtors | Counsel for the Official Committee of |
|---|---|

{2811135:}                                                          3

| | |
|---|---|
| Shawn M. Riley, Esq.<br>Paul W. Linehan, Esq.<br>John A. Polinko, Esq.<br>McDonald Hopkins LLC<br>600 Superior Avenue, E.<br>Suite 2100<br>Cleveland, OH 44114 | <u>Unsecured Creditors</u><br>Douglas L. Lutz, Esq.<br>Ronald E. Gold, Esq.<br>Frost Brown Todd LLC<br>2200 PNC Center<br>201 East 5th St.<br>Cincinnati, OH 45202-4182 |

<u>United States Trustee</u>
Daniel M. McDermott, Esq.
Office of the U.S. Trustee
Howard M. Metzenbaum
U.S. Courthouse
201 Superior Ave., East – Suite 441
Cleveland, OH 44114-2301

     5.     Any responses to any objections filed and served in accordance with Paragraph 4 hereof must (a) be in writing, (b) specify the bases and nature of the response, including citation to any statutes or case law that the responding party wishes this Court to consider in connection with the response, and (c) be filed with the Clerk of the Bankruptcy Court, together with proof of service, and served on the parties listed in Paragraph 4 hereof and the party to whose objection the response is directed, so as to be received by them on or before 4:00 p.m., prevailing Eastern Time, on September 30, 2011.

     6.     The Debtors, any party in interest that has filed an objection to confirmation pursuant to Paragraph 4 hereof, and any party in interest that has filed a response pursuant to Paragraph 5 hereof shall be entitled to present evidence in favor of or against confirmation of the Plan at the Confirmation Hearing. Any party wishing to present evidence at the Confirmation Hearing shall, no later than 4:00 p.m., prevailing Eastern Time on September 30, 2011, file with the Clerk of the Bankruptcy Court and serve on the parties listed in Paragraph 4 hereof and on any party that has filed an objection to confirmation or a response thereto the following:

          (a)     A list of witnesses such party intends to call at the Confirmation Hearing, along with their names and addresses; and

(b) A list of exhibits such party intends to introduce at the Confirmation Hearing. (Copies of such exhibits shall be simultaneously provided to all such parties and delivered to the Court's chambers, but shall not be filed).

7. The Confirmation Hearing Notice shall be, and hereby is, APPROVED.

8. The forms of Ballots shall be, and hereby are, APPROVED. The deadline for the receipt of Ballots accepting or rejecting the Plan shall be, and hereby is, fixed at 4:00 p.m., prevailing Eastern Time, on September 27, 2011 (the "Voting Deadline"). For a Ballot to be counted, it must be **received** at the address indicated in the Ballot's instructions prior to the Voting Deadline.

9. Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, a Claim or Interest, and without prejudice to the rights of the Debtors in any other context, the Debtors shall use the following voting procedures and requirements:

(a) The amount of a claim that will be used to determine votes for or against the Plan will be (i) the claim amount listed on the schedules of liabilities filed with this Court unless such claim is listed on the schedules of liabilities as contingent, unliquidated, or disputed; or (ii) the liquidated amount specified in a proof of claim timely filed with this Court that is not the subject of an objection; or (iii) the liquidated amount specified in a final order of this Court.

(b) If the holder of a claim submits a Ballot, but (i) such holder has not timely filed a proof of claim *and* such holder's claim is listed on the schedules of liabilities as contingent, unliquidated, or disputed or (ii) such holder has timely filed a proof of claim *and* such holder's claim is the subject of an objection, the Ballot will not be counted for purposes of determining acceptances or rejections of the Plan, in accordance with Bankruptcy Rule 3018, unless this Court has temporarily allowed the claim for the purpose of accepting or rejecting the Plan in accordance with Bankruptcy Rule 3018. The Debtors or any holder of a claim may seek an order of this Court temporarily allowing such claim for purposes of voting to accept or reject the Plan. If such claim is the subject of an objection that does not seek total disallowance of the claim, the claim may be voted to the extent it is not subject to an objection.

(c) Whenever a holder of a claim casts more than one Ballot voting the same claim prior to the Voting Deadline, the latest dated Ballot received prior to

the Voting Deadline will be deemed to supersede and revoke any prior Ballots.

(d) Holders of claims must vote all of their claims within a particular class either to accept or reject the Plan and may not split their votes. Accordingly, the Debtors will treat as an acceptance any Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan.

(e) Ballots that fail to indicate an acceptance or rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will be tabulated as an acceptance.

10. Any claimant seeking to challenge the allowance of its claim for voting purposes in accordance with the above procedures shall file with this Court and serve on the Debtors' counsel on or before the 15th day after the later of: (a) service of the Confirmation Hearing Notice; or (b) service of notice of an objection, if any, to such claim, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan, and the Ballot of any creditor filing such a motion shall not be counted unless temporarily allowed by this Court for voting purposes, after notice and a hearing.

11. The Record Date for purposes of determining which creditors are entitled to vote on the Plan is July 28, 2011 (the "Record Date").

12. The Debtors shall distribute the Confirmation Hearing Notice and Solicitation Package as follows:

(a) The Confirmation Hearing Notice, this Order, a CD-ROM containing the Disclosure Statement (with the Plan and other exhibits annexed thereto), and a letter from the Debtors recommending the Plan will be distributed to: (i) all persons or entities that have filed proofs of claim on or before the Record Date as established in the Disclosure Statement Order; (ii) all persons or entities listed in the Debtors' schedules of liabilities as holding a liquidated, noncontingent, undisputed Claim as of July 28, 2011; (iii) all other known holders of Claims against the Debtors as of July 28, 2011; (iv) all parties in interest that have filed a request for notices in these cases; (v) the United States trustee; (vi) counsel for the Official Committee of Unsecured Creditors; (vii) counsel for United Bank, Division of the Park National Bank; (viii) counsel for Lancaster Pollard

Mortgage Company; (ix) counsel for the Secretary of Housing and Urban Development (x) First Federal Community Bank; (xi) the District Director of the Internal Revenue Service; and (xii) the Office of the Attorney General;

(b) In addition to the materials listed in subparagraph 12(a) above, a Ballot, an envelope for returning the Ballot, and voting instructions will be distributed to all creditors entitled to vote on the Plan;

(c) Only the Confirmation Hearing Notice will be distributed to persons or entities not listed in subparagraph 12(a) above that have nonetheless received other general notices in these cases, such as the notice of the hearing on the Disclosure Statement; and

(d) The materials described in subparagraphs 12(a)-(c) above will be mailed by the Debtors no later than August 19, 2011.

13. The Debtors are hereby excused from sending solicitation packages to any addressee for which notice of the Disclosure Statement Hearing was returned as undeliverable by the United States Post Office, unless such addressee provides the Debtors with a new address. Failure to mail solicitation packages to such addressees as set forth in this Order will not constitute inadequate notice of the confirmation hearing or the voting deadline.

### 

Prepared By:

/s/ John A Polinko
Shawn M. Riley (0037235)
Paul W. Linehan (0070116)
John A. Polinko (0073967)
McDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail: sriley@mcdonaldhopkins.com
plinehan@mcdonaldhopkins.com
jpolinko@mcdonaldhopkins.com

COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION

10-61078-rk    Doc 597    FILED 08/01/11    ENTERED 08/01/11 09:36:13    Page 7 of 7